IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| CHARLES WINSTON JOHNS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL CASE NO. 17-481 |
| | ) |
| ALLSTATE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

_____

**COMPLAINT**
_____

COMES NOW, the Plaintiff Charles Winston Johns, by and through his attorneys, and brings this civil action for declaratory judgment, injunctive relief, breach of fiduciary duty, and other relief. Plaintiff brings the action individually and alleges upon personal knowledge, information, and belief as follows:

1. The Plaintiff is a retiree of the Defendant, Allstate Insurance Company (hereinafter "Allstate"). He is entitled to relief in this action because (a) Allstate has engaged in a pattern of deceptive acts, omissions, and concealment regarding retiree life insurance which is inimical to many of Allstate's retirees, specifically the Plaintiff, and is due to be declared unlawful, and (b) Allstate, by engaging in the wrongdoing alleged, has obstructed and continues to obstruct federal law, in violation of Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq*. An order declaring Allstate in violation of ERISA and enjoining it in favor of the

Plaintiff is due for those reasons, as is a judgment for other equitable relief and for attorneys' fees.

2. Metropolitan Life Insurance Company (hereinafter "Met Life") provided life insurance to Plaintiff Johns through Defendant Allstate's numerous employee benefits plans. Met Life's life insurance plan approved Plaintiff's claim for Waiver of Premium on April 11, 1989 due to Mr. Johns becoming totally disabled.

3. This action arises under ERISA Section 502(a)(3). The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff Johns is an adult resident and citizen of the State of Alabama who resides, and resided at all times material, in Mobile County, Alabama. The activities complained of have been directed against him by Allstate in Mobile County. Certain of the benefits at issue would have been or were to be received in Mobile County. Venue arises in this judicial district for that reason.

5. According to the Alabama Secretary of State, Defendant Allstate is incorporated in the State of Illinois and maintains its principal place of business in the State of Illinois. It may be served for process at its agent for service: CT Corporation System, 2 North Jackson Street Suite 605, Montgomery, Alabama 36104.

6. This Court has original and/or exclusive jurisdiction over this action because the Plaintiff asserts a claim for benefits due under an employee welfare benefit plan that

is provided by Allstate through Met Life. The claims are based on ERISA, and jurisdiction arises under 28 U.S.C. § 1331.

7. This Court has personal jurisdiction over Allstate, because, *inter alia*, Allstate maintains and has maintained sufficient minimum contacts with and in the State of Alabama at all times material to this action.

8. Plaintiff has a statutory right to bring this action under 29 U.S.C. §1132.

## ISSUES PRESENTED FOR THE COURT TO DETERMINE

9. Whether Allstate violated ERISA by cancelling the retiree life insurance benefits of the Plaintiff and refused to pay the amounts due.

10. Whether Allstate breached its fiduciary duties to the Plaintiff and should be equitably estopped under ERISA Section 502(a)(3) for engaging in a pattern of misrepresentations, omissions, and concealment that caused Plaintiff to be harmed;

11. Whether Plaintiff is entitled to an order enjoining Allstate from cancelling the promised retiree life insurance benefits;

12. Whether Plaintiff is entitled to (1) declaratory judgment in his favor, (2) an injunction restraining Allstate from the wrongdoing alleged, (3) other equitable relief, and (4) an award of attorney's fees as provided for under ERISA; and

13. Whether any statute of limitation for bringing this suit operates against it and, if so, whether that limitation is tolled under ERISA by the misrepresentations, omissions, and concealment alleged.

**FACTUAL ALLEGATIONS**

14. Winston Johns began working for Allstate as an employee agent on October 7, 1962. He grew his book of business supporting Allstate and its customers for years until he retired. Mr. Johns retired in April 11, 1991. Johns was a member of the "Allstate Choice Benefits Plan", a group life insurance plan that required premiums to participate, and the plan would pay retirement benefits to Johns based on his years of service to Allstate (hereinafter "the Plan"). On April 11, 1989, Johns became disabled and was approved for a waiver of premium coverage, as provided by the Plan (Exhibit 1). Johns was a member of the Plan at no further cost to him.

15. On April 16, 1991, Plaintiff's Life Insurance was reduced to $80,000 due to Plaintiff's retirement due to disability. The $80,000 retiree life insurance policy value was to be provided to Plaintiff by Defendant Allstate at no cost to him, as stated in that life insurance plan, and that the life insurance premiums would be waived as long as Mr. Johns was "Totally Disabled".

16. Plaintiff Johns received a letter from Metlife dated May 7, 2010, stating that "your eligibility has ended and we must terminate your claim" (Exhibit 2).

17. Plaintiff Johns appealed this decision via a letter written to the Claims Administrator, on or about June 15, 2010 (Exhibit 3).

18. Metlife wrote back to Mr. Johns in a letter dated July 2, 2010, telling him that Allstate had "inadvertently" listed him under the Life Insurance While Totally Disabled provision, that his coverage was actually classified as Retiree Life Insurance.

19. On July 2, 2013, Allstate notified Mr. Johns that the retiree life insurance of some former Allstate employees, including Mr. Johns, was being terminated (Exhibit 4).

20. On December 4, 2013, Allstate notified Mr. Johns that they were able to terminate the retiree life insurance of former Allstate employees that retired after January 1st, 1990 (Exhibit 5).

21. No mention was ever made before December 4, 2013, that Allstate reserved the right to unilaterally cancel the benefit as that would have been inconsistent with "paid up." "Paid up" was represented to mean that Allstate had already paid all owed premiums for Winston Johns' retiree life insurance and that no further premiums would be due at no cost to him. This meant that upon a retiree's death, the promised amount was payable without further action by anyone. "Paid up" meant that the retiree's beneficiary would receive payment no matter what Allstate did or did not do after retirement. These fiduciaries' promises are additional instances of Allstate's pattern of misrepresentation and acts of concealment.

## COUNTS

### COUNT ONE: DECLARATORY JUDGMENT AND INJUNCTION

22. Plaintiff adopts, re-asserts, and incorporates all of the foregoing allegations in paragraphs 1-21.

23. There exists between Plaintiff and Allstate an actual justiciable controversy with respect to the matters set forth here, as to which Plaintiff is entitled to have a declaration of rights and further relief as set forth herein.

24. The Plaintiff is entitled to a judgment declaring:

    a. That Allstate violates ERISA by cancelling Plaintiff's Allstate paid retiree life insurance benefits; and

    b. That Allstate, under ERISA, must continue to pay Plaintiff's retiree life insurance benefits until his death, as has been promised.

## COUNT TWO: BREACH OF FIDUCIARY DUTY

25. Plaintiffs adopt, re-assert, and incorporate all of the foregoing allegations paragraphs 1-24.

26. ERISA was enacted "to protect…the interests of participants in employee benefit plans and their beneficiaries…by establishing standards of conduct, responsibility…and providing for appropriate remedies…and ready access to the Federal Courts." *Jones v. American General Life & Accident Ins. Co.*, 370 F.3d 1065, 1071 (11th Cir. 2004) (quoting *Varity Corp. v. Howe*, 516 U.S. 489, 513 (1996) (quoting ERISA § 2(b), 29 U.S.C. § 1001(b))).

27. ERISA requires plan fiduciaries to discharge their duties "solely in the interests of the participants and beneficiaries" and "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a).

28. ERISA defines "fiduciaries" to include persons identified as such in the

plan, ERISA § 402(a), 29 U.S.C. § 1102(a), and persons who exercise any discretionary authority or responsibility concerning the management or administration of the plan. 29 U.S.C. § 1002(21)(A).

> The weight of authority recognizes that the term "fiduciary" is to be liberally construed, a position that is consistent with the remedial purposes of ERISA. See *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 284 F. Supp. 2d 511, 544 (S.D. Tex. 2003), quoting *Ariz. State Carpenters Pension Trust Fund v. Citibank*, 125 F.3d 715, 720 (9th Cir. 1997), citing *John Hancock Mut. Life Ins. v. Harris Trust & Sav. Bank*, 510 U.S. 86, 96, 114 S. Ct. 517, 126 L. Ed. 2d 524 (1993), and quoting *Mertens v. Hewitt Associates*, 508 U.S. 248, 262, 113 S. Ct. 2063, 124 L.Ed.2d 161 (1993) ("'Fiduciary status under ERISA is to be construed liberally, consistent with ERISA's policies and objectives,' and is defined 'in functional terms of control and authority over the plan,…thus expanding the universe of persons subject to fiduciary duties-and to damages-under § 409(a).'")

*Eslava v. Gulf Telephone Co., Inc.*, 418 F. Supp. 2d 1314, 1321-22 (S.D. Ala. 2006). The Defendant acted as a fiduciary under this definition in connection with the acts, misrepresentations, omissions, and concealment alleged.

29. Employers that retain responsibility for administering their own benefit plans are considered fiduciaries under ERISA. *Varity Corp. v. Howe*, 516 U.S. 489, 498 (1996); *Hamilton v. Allen-Bradley Co., Inc.*, 244 F.3d 819, 824-26 (11th Cir. 2001). The Defendant acted as a fiduciary under this definition in connection with the acts, misrepresentations, omissions, and concealment alleged.

30. Employers act in a fiduciary capacity when communicating with employees about plan benefits. *Varity*, 516 U.S. at 502-03; *Hamilton*, 244 F.3d at 827;

7

*In re Unisys Corp. Retiree Medical Benefit "ERISA" Litig.*, 57 F.3d 1255, 1261, n. 10 (3d Cir. 1995); *McMunn v. Pirreli Tire, LLC*, 161 F. Supp. 2d 97, 129- 30 (D . Conn. 2001). The Defendant acted as a fiduciary under this definition in connection with the acts, misrepresentations, omissions, and concealment alleged.

31. The Plans at issue expressly define Allstate as the Plan Administrator and expressly define it as a fiduciary. Those Allstate employees who committed the pattern of misrepresentations, omissions, and concealment alleged did so for Allstate and are fiduciaries under the law.

32. Allstate acted in a fiduciary capacity when it made promises, omissions, and misrepresentations to Plaintiff Johns that his life insurance benefits would remain until death at no cost to the retiree and/or that their retiree life insurance benefits were "paid up." It acted as a fiduciary when committing the pattern of misrepresentations, omissions, and concealment alleged. A fiduciary's omissions are actionable as a breach of fiduciary duty under 502(a)(3). *Jones v. American General Life & Accident Ins. Co.*, 370 F.3d 1065 at 1072 (11th Cir. 2004).

33. An ERISA plan fiduciary's "responsibility when communicating with the beneficiary encompasses more than merely a duty to refrain from intentionally misleading a beneficiary. ERISA administrators have a duty not to misinform employees through material representations and incomplete, inconsistent or contradictory disclosures." *Griggs v. E.I. Dupont De Nemours & Co*., 237 F.3d 371, 380 (4th Cir. 2001) (citation and internal quotations omitted). Allstate breached that duty.

34. A fiduciary's duty of disclosure entails not only a negative duty not to misinform, but also an affirmative duty to inform when it knows that silence might be harmful. *Unisys*, 57 F.3d at 1262; *James v. Pirelli Armstrong Tire Corp.*, 305 F.3d 439, 452 (6th Cir. 2002). Allstate breached that duty.

35. Allstate was required to not only provide accurate information concerning the Plan but also to inform its employees that they may choose to cancel the no-cost-to-retiree life insurance benefit. It failed to do that and violated ERISA when it sent the July 2, 2013, letter that made Allstate's representations false and misleading and revealed the pattern of misrepresentations, omissions, and concealment alleged.

36. ERISA § 502(a)(3) authorizes awards of "appropriate equitable relief" to plan participants and beneficiaries who rely to their detriment on inaccurate information from plan fiduciaries about plan benefits. *Jones*, 370 F. 3d 1065 at 1071-74. Section 502(a)(3) is a "catchall" provision and was to "act as a safety net, offering appropriate equitable relief for injuries caused by violations [of ERISA] that § 502 does not elsewhere adequately remedy." *Varity*, 516 U.S. at 512, 515.

37. An injunction enforcing a plan fiduciary's representation to plan participants about their benefits constitutes "appropriate equitable relief" under ERISA. *Unisys*, 57 F.3d at 1269 (holding retirees' claims for "an injunction ordering specific performance of the assurances *Unisys* made…are restitutionary in nature and thus equitable."); *Gregg v. Transportation Workers of Am. Int'l*, No. *1*:99-CV-02659- PAG, Memorandum of Opinion and Order, pp . 6-10 (M.D. Tenn. June 24, 2004) (holding that an order requiring the defendants to provide the plaintiffs the coverage they had been

9

promised constituted "appropriate equitable relief")(citing *Brown v. Aventis Pharmaceuticals, Inc.*, 341 F.3d 822 (8th Cir. 2003)).

38. ERISA § 502(a)(3) expressly authorizes the imposition of injunctions or "other appropriate equitable relief" to redress violations of the Act. 29 U.S.C. §1132(a)(3).

39. Allstate breached its fiduciary duty to provide Plaintiff Johns with complete and accurate information about his retiree life insurance benefits. Allstate remained silent, omitting relevant information concerning Allstate's reservation of its right to cancel the benefit, when it knew that Plaintiff was relying upon Allstate's representations as to retiree life insurance benefits. Allstate, orally and in writing, conveyed to Plaintiff Johns that he would receive free, lifetime group life insurance upon retirement, and Allstate kept the truth of the matter from the Plaintiff by not communicating truthful information about the retiree life insurance benefits, by a pattern of misrepresentations concerning the benefits, and by multiple acts of concealment and omission.

40. Allstate should be enjoined from benefitting from its pattern of misrepresentations and should be found and declared liable to Plaintiff for its breach of fiduciary duties.

41. ERISA § 502 (g)(1) authorizes awards of attorneys' fees and expenses of litigation to the prevailing party in appropriate cases. 29 U.S.C. § 1132(g)(1). Allstate is required to pay attorneys' fees and expenses because of its culpability and ability to satisfy such an award, Plaintiff's cause to resolve significant legal questions through

this action, and the deterrent effect such an award may have on others in the same or similar situation.  *Wright v. Hanna Steel Corp.,* 270 F.3d 1336, 1344 (11th Cir. 2001).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Charles Winston Johns requests an order and judgment against Allstate which –

1. Grants declaratory judgment to the Plaintiff.

2. Enjoins Allstate from the alleged wrongdoing.

3. Awards a reasonable attorneys' fee to the Plaintiff for this action.

4. Grants such other, further and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

Respectfully submitted,

> */s/John D. Richardson*
> JOHN D. RICHARDSON
> DAVID T. TRICE
> *Counsel for Plaintiff*

OF COUNSEL:

RICHARDSON LAW FIRM, LLC
118 North Royal Street, Suite 100
Mobile, Alabama  36602
Telephone:   251.338.1695
Facsimile:    251.338.1698
john@richardsonlawllc.com
david@richardsonlawllc.com

## CERTIFICATE OF SERVICE

  I do hereby certify that I have on October 31, 2017, electronically filed this document with the Clerk of the Court using the CM/ECF system and request the Court to serve the same by certified U.S. mail, to the following:

Allstate Insurance Company
c/o CT Corporation System (registered agent)
2 North Jackson Street
Suite 605
Montgomery, Alabama  36104

            *s/ John D. Richardson*
            OF COUNSEL